IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY LEE GERBER, JR.,** | : | CIVIL NO. 1:12-CV-00818 |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **DAVID VARANO, *et al.*,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Gary Lee Gerber, Jr., an inmate currently incarcerated in the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 1.) Petitioner has paid the filing fee. (*See* Doc. 4.) Petitioner is challenging his June 2008 conviction in the Court of Common Pleas of Luzerne County, Pennsylvania ("Luzerne County court" or "trial court"). However, Petitioner's case is currently on appeal in the Pennsylvania Superior Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Court, 28 U.S.C. foll. § 2254, the court is required to give preliminary consideration to this habeas petition. *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* For the reasons set forth below, the habeas petition will be dismissed without prejudice because Petitioner's claims have not yet been exhausted in the state courts.[1]

## I. Background

Petitioner states that in April, 2008, he was found guilty of receiving stolen property and criminal conspiracy in the Luzerne County court and sentenced to an aggregate term of imprisonment of 28 to 72 months.[2] (Doc. 1 at 1.) He further states that on September 8, 2009, he filed a petition for post conviction collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq.* (*Id.* at 3.) At the time of the filing of the instant petition, Petitioner

---

[1] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well-settled in the Third Circuit that the court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-21 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

[2] The docket sheet in Petitioner's related state case on the Pennsylvania Unified Judicial System's webportal indicates that sentencing on Petitioner's April, 2008 conviction occurred on June 30, 2008. *See Commonwealth v. Gerber*, CP-40-CR-0000525-2007, *available at* http://ujsportal.pacourts.us (last visited July 24, 2012).

asserted that proceedings on his PCRA petition had been pending for 32 months without a decision. Due to this delay, Petitioner has asked this court to excuse exhaustion and decide the merits of his habeas claims.[3]

In connection with its preliminary screening of the instant habeas petition, the court checked the docket sheet for Petitioner's related state case on the Pennsylvania Unified Judicial System's webportal and noted that in an entry dated April 16, 2012, a PCRA hearing had been scheduled for June 8, 2012. *See Commonwealth v. Gerber*, CP-40-CR-0000525-2007, *available at* http://ujsportal.pacourts.us (last visited July 20, 2012). As a result, by order dated May 22, 2012, the court directed Respondents to file a notice confirming the procedural posture of Petitioner's case in state court. (Doc. 7.)

Respondents filed a notice on June 21, 2012, indicating the following with respect to Petitioner's state proceedings.[4] (Doc. 10.) On June 8, 2012, the Luzerne

---

[3] In his petition, Petitioner asserts the following claims:

Ground One: Ineffective counsel for failing to object to witness bolstering, Brady violations, failure to disclose plea deals, etc., et al.[;] ... Ground Two: Ineffectiveness of counsel for failing to object to inconsistent testimony that rendered evidence insufficient[;] ... Ground Three: Ineffectiveness of trial counsel, cumulative, and failure to investigate, interview, and call witnesses[;] ... Ground Four: Ineffectiveness of trial counsel for failure to object to the selectiveness of the prosecution.

(Doc. 1.)

[4] Petitioner's Luzerne County court criminal docket sheet verifies these facts.

3

County court, the Honorable Tina Polachek Gartley presiding, held a PCRA hearing. (*Id.* at 1.) At the conclusion of the hearing, the court denied Petitioner's PCRA petition. (*Id.*) On June 15, 2012, Petitioner filed an appeal to the Pennsylvania Superior Court from the order denying the PCRA petition. (*Id.* at 2.) On June 19, 2012, Petitioner's counsel, John Pike, Esquire, filed a petition to withdraw as counsel and for subsequent appointment of counsel. (*Id.*) On that same date, the Luzerne County court granted the petition, allowing Attorney Pike to withdraw as counsel, and appointing Matthew P. Kelly, Esquire, as counsel. (*Id.*) To date, Petitioner is represented by counsel in the state courts and his appeal is pending in the Superior Court. (*Id.*)

On July 17, 2012, Petitioner filed a response to Respondents' notice regarding the state court proceedings. (Doc. 13.) In his response, Petitioner acknowledges that a PCRA hearing was held on June 8, 2012, that he filed an appeal in the Superior Court, and that therefore his habeas claims have not been exhausted in the state courts.[5] (*Id.*) However, he asks the court to excuse exhaustion because of the inordinate delay in his PCRA proceedings. (*Id.*; *see also* Doc. 1 at 11.) He also asks

---

[5] Additionally, Petitioner describes his confusion as to whom his attorney was following Attorney Pike's withdrawal, but nevertheless acknowledges that an appeal from the Luzerne County court's denial of his PCRA petition was timely filed. (Doc. 13 at 1-3.)

the court to excuse exhaustion because his sentence will be complete in five (5) months, and therefore he will not have time to wait for a decision from the Superior Court on his appeal, or have time to file a second PCRA petition in state court alleging ineffective assistance of appellate counsel. (*Id.*)

Having carefully reviewed the parties' filings regarding exhaustion, the court will now give preliminary consideration to the instant habeas petition.

## II. Discussion

Generally, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. § 2254 (b) & (c); *Cone v. Bell*, 556 U.S. 449, 465 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991).

Exhaustion is excused if: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v.*

*Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

Here, as set forth above, Petitioner has asked the court to excuse exhaustion of his claims because of the inordinate delay in his PCRA proceedings and because his sentence will soon expire, deeming his claims moot. The court will discuss these claims in turn.

### A. Inordinate Delay

Petitioner argues that he has suffered inordinate delay of his PCRA proceedings because his PCRA petition was not addressed in state court for 32 months. The Third Circuit Court of Appeals has recognized that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Story*, 26 F.3d at 405 (citing *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). When determining if a delay in state court proceedings warrants excusing the exhaustion requirement, the court must first determine if the petitioner has established the existence of either inordinate or inexcusable delay. *Story*, 26 F.3d at 405. If so, the burden shifts to the state to demonstrate why exhaustion should still be required. *Id.* "Delay only rises to the

level of inordinate in extreme cases." *Singleton v. Wynder*, 485 F. Supp. 2d 602, 605 (E.D. Pa. 2007).

The Third Circuit has found inordinate delay as to excuse exhaustion where there was an eight year delay in the proceeding of a post-conviction petition without resolution, *see Lee v. Stickman*, 357 F.3d 338, 343 (3d Cir. 2004); a seven year delay, *see Coss v. Lackawanna Cnty. Dist. Att'y*, 204 F.3d 453, 460 (3d Cir. 2000); a nine year delay, *see Story*, 25 F.3d at 406; and, an eleven year delay, *see Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see also Singleton*, 485 F. Supp. 2d at 605-06 (listing cases). Earlier cases addressing the threshold delay suggested shorter periods of time could be sufficient to excuse exhaustion. *See Burkett v. Cunningham*, 826 F.2d 1208, 1210-11 (3d Cir. 1987) (5 year delay in sentencing); *United States ex rel. Senk v. Brierley*, 471 F.2d 657, 660 (3d Cir. 1973) (3 year delay in deciding PCHA petition); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 893 (3d Cir. 1975) (3.5 year delay in deciding motion for new trial).

The shortest period the Third Circuit has found to constitute inordinate delay arose in *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986), a case in which 33 months elapsed between the date of filing a PCRA petition and the filing of a federal habeas petition. However, in *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002),

7

the Third Circuit noted that the "thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." Further, in *Cristin* the Third Circuit looked to the degree of progress made in the state courts to decide whether a delay is excessive. *Id.* (holding that the pendency of the PCRA petition for 27 months was not excessive where the state court proceedings were progressing, albeit slowly).

In this case, the total time elapsed between Petitioner's filing of the PCRA petition on September 8, 2009 and the filing of the instant habeas petition on May 2, 2012 is 32 months. In light of the cases cited above, the court is unable to classify this delay as "inordinate." Further, the court is aware that the docket of Petitioner's case in the Luzerne County court indicates numerous continuances of the PCRA proceedings, *see Commonwealth v. Gerber*, CP-40-CR-0000525-2007 (Doc. 10-1), not attributed to Petitioner. However, the period of uncertainty as to when the PCRA proceedings would proceed ceased with the PCRA court's denial of the PCRA petition on June 8, 2012. *See Commonwealth v. Gerber*, CP-40-CR-0000525-2007 (Doc. 13-1 at 18). The court expects that hereafter Petitioner will be subject only to the ordinary course of appeal timelines and that there will be no further "delay" in the state court's review of the issues presented in his PCRA petition.

Even if the delay in Petitioner's case were considered "inordinate," it would still not automatically excuse exhaustion. Rather, the burden would shift to the Commonwealth to explain why exhaustion should still be required. *See Story*, 26 F.3d at 405. Typically, this burden is satisfied where there is evidence that the once-delayed or dormant state court proceedings have resumed and are again moving forward. *See, e.g., Cristin*, 281 F.3d at 411 (observing that "our cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume"); *Walker v. Vaughn*, 53 F.3d 609, 615 (3d Cir. 1995) ("As a matter of general practice, we assume that a district court which has excused exhaustion but has not yet embarked upon proceedings of substance will stay its hand once there is reliable evidence that the state action has been reactivated."). Here, Respondents have shown that activity has not been halted in the state court proceedings; rather, it appears that the case is moving forward and is, in fact, on appeal before the Superior Court. Therefore, Respondents have met the burden of providing a sufficient explanation why exhaustion should still be required, and it is not appropriate for this court to begin to review Petitioner's claims at this time.

### B. Expiration of Petitioner's Sentence

Petitioner also contends that because his sentence will expire in five months, his appeal in Superior Court is a "foregone conclusion." (Doc. 13 at 3.) In support, he cites *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997), a case in which the Pennsylvania Supreme Court held that because the appellant was not currently serving a sentence, his petition for collateral relief related to that sentence was properly dismissed. This case, however, is distinguishable from *Ahlborn* because Petitioner remains incarcerated. Further, Petitioner claims that he will be waiting an average of six to twelve months for the Superior Court to rule on his appeal. (Doc. 13 at 6.) However, there is nothing to support this statement.

Nevertheless, even considering Petitioner's stated imminent release from custody, that release neither renders the delay inordinate, nor excuses Petitioner's burden of exhausting the state court remedies prior to filing a federal habeas petition. As stated by the United States District Court for the Eastern District of Pennsylvania, "[t]o hold otherwise would be to impose on the state courts a burden of expediting PCRA petitions merely because the prisoner's release date is impending." *Singleton*, 485 F. Supp. 2d at 607. Thus, Petitioner's stated imminent release does not provide a basis to excuse exhaustion.

10

## III. **Conclusion**

Petitioner has failed to exhaust his state court remedies as is required before filing a § 2254 petition in this court. While exhaustion may be excused when the state court process is shown to be effectively unavailable, such a showing has not been made in this case. Petitioner has shown no inordinate delay in the processing of his PCRA petition. Further, Petitioner's stated imminent release does not provide a basis to excuse exhaustion. Therefore, the instant petition for writ of habeas corpus will be dismissed without prejudice to re-file it after Petitioner exhausts his state court remedies.

An appropriate order will issue.

*[signature]*
SYLVIA H. RAMBO
United States District Judge

Dated: July 26, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY LEE GERBER, JR.,** | : | **CIVIL NO. 1:12-CV-00818** |
| **Petitioner** | : | **(Judge Rambo)** |
| v. | : | |
| **DAVID VARANO,** *et al.*, | : | |
| **Respondents** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice. *See* 28 U.S.C. § 2254(b)(1).

2) The Clerk of Court is directed to return to Petitioner via U.S. Mail the originals attached to the petition. (Doc. 1-1 through Doc. 1-9.)

3) A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4) The Clerk of Court is directed to **CLOSE** this case.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 26, 2012.